**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**FREDERICK COOPER** **PETITIONER**

**VS.** **CASE NO. 2:14CV00022 BSM/PSH**

**ANTHONY HAYNES, Warden,**
**FCI Forrest City** **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

An extensive litigation history preceded the February 24, 2014, filing of this application for habeas corpus relief pursuant to 28 U.S.C. §2241 by Frederick Cooper. Mr. Cooper was convicted of five counts[1] following a 1998 jury trial in this Court. On May 22, 1998, Mr. Cooper was sentenced to life imprisonment. A direct appeal, in which he challenged the denial of his motion to suppress and a three level sentencing enhancement, was unsuccessful. *United States v. Cooper*, 168 F.3d 336 (8th Cir. 1999). In February of 2000, Mr. Cooper moved for relief pursuant to 28 U.S.C. §2255, alleging that his attorney was ineffective for failing to remove a biased juror, and also for failing to call him to testify. By Order dated April 4, 2000, relief was denied. (Case No. 4:00cv00076, Eastern District of Arkansas, *Cooper v. United States*). Later in 2000, Mr. Cooper sought permission from the Eighth Circuit Court of Appeals to file a second or successive motion for relief pursuant to 28 U.S.C. §2255. On December 6, 2000, the Eighth Circuit Court of Appeals denied this application.

In February of 2005, Mr. Cooper filed a petition styled as a "motion to correct, and/or modify a term of imprisonment, pursuant to 3582". (Case no. 4:05cv00187, Eastern District of Arkansas, *Cooper v. United States*). He alleged his sentence was improper, citing *United States v. Booker*, 543

---

[1]Mr. Cooper was convicted of conspiracy to distribute in excess of fifty grams of crack cocaine, distribution of cocaine base, possession with intent to distribute cocaine base, possession with intent to distribute cocaine hydrochloride, and possession with intent to distribute marijuana.

U.S. 220 (2005). In an Order dated March 17, 2005, the Court noted Cooper's petition was "in effect a motion brought under 28 U.S.C. § 2255". Docket entry no. 2, page 2, case no. 4:05cv187. Because Mr. Cooper had previously sought section 2255 relief, the Court found he was barred from filing a second or successive petition without first obtaining authorization from the Eighth Circuit Court of Appeals. With regard to the claim of a violation under the *Booker* case, the Court denied this claim without prejudice to Mr. Cooper moving for permission from the Eighth Circuit Court of Appeals to pursue a second or successive section 2255 petition. In September of 2005, Mr. Cooper sought permission from the Eighth Circuit Court of Appeals to file a second or successive section 2255 petition. Permission was denied on December 5, 2005. See docket entry no. 164 in case no. 4:97cr0004-1, *United States v. Frederick Cooper*.

A third motion for post conviction relief, filed on March 18, 2008, was successful. Mr. Cooper argued for retroactive application of Sentencing Guidelines. Following two hearings, the Court reduced Mr. Cooper's two life sentences to 480 month terms. See docket entries 176 and 193, Case no. 4:97cr0004-1, *United States v. Frederick Cooper*. Desiring a greater reduction than received, Mr. Cooper appealed this Court's Order, without success. *United States v. Cooper*, 445 Fed.Appx. 891 (8th Cir. 2011).

Another motion was filed in October of 2011, in which Mr. Cooper sought a further reduction in his sentences. Finding that a further reduction in his sentence was discretionary under the pertinent statutory provisions, the Court denied the motion, citing the danger Mr. Cooper poses to the community, his violent behavior and gang membership. See docket entry no. 216, case no. 4:97cr0004-1. Mr. Cooper's motion for reconsideration was denied. See docket entries nos. 217 and 219, case no. 4:97cr0004-1. An appeal of the denial of his motion for reconsideration was denied by the Eighth Circuit Court of Appeals. See docket entry no. 229, case no. 4:97cr0004-1.

The petition now before the Court seeks relief pursuant to 28 U.S.C. § 2241. Mr. Cooper cites *Bailey v. United States*, 133 S.Ct. 1031 (2013), and *Alleyne v. United States*, 133 S.Ct. 2151 (2013), as authority for relief. Briefly, *Bailey* deals with the permissible area that may be searched

pursuant to the execution of a search warrant, and *Alleyne* held that any fact which increases the mandatory minimum sentence for a crime is an element of the crime, not a sentencing factor. As an element, a defendant has a right to have a jury find such a fact beyond a reasonable doubt. We only briefly mention the essence of these cases because this petition is decided on other grounds.

A threshold issue must be addressed before the merits of the petitioner's claims are considered: is a section 2241 petition the proper method for raising the arguments? Typically, section 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence, which is properly challenged via a section 2255 petition. *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986). An exception to the general rule exists, in that section 2241 relief is available if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Thus, the issue is whether section 2255 is inadequate or ineffective to test the legality of the petitioner's conviction.

We are guided by the Eighth Circuit Court of Appeals decision in *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). The petitioner in that case had entered a guilty plea, filed an untimely section 2255 petition, and then filed a section 2241 petition claiming actual innocence. The Court considered whether section 2255 relief was inadequate or ineffective:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

207 F.3d at 1077. The Court further noted that the petitioner bears the burden of showing § 2255 relief inadequate or ineffective. *See, also, Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986).

Here, Mr. Cooper is challenging the imposition of his sentence, alleging *Bailey* and *Alleyne* entitle him to a reduced term. Such a challenge is properly advanced in a section 2255 petition,

which is available to "correct a sentence." 28 U.S.C. § 2255(a). Mr. Cooper, however, has not sought permission from the Eighth Circuit Court of Appeals to file a successive petition. Rather, he argues that he can utilize section 2241 to seek relief, citing a decision from the Seventh Circuit Court of Appeals as support. *See In re Davenport*, 147 F.3d 605 (7th Cir. 1998). The *Davenport* Court held, generally, that a federal prisoner should be permitted to seek section 2241 relief only if he had no reasonable opportunity to correct a fundamental defect in his conviction or sentence because the law changed after his first section 2255 motion. *Davenport*, however, does not compel the result urged by Mr. Cooper. The *Davenport* ruling is a Seventh Circuit opinion. Mr. Cooper cites no comparable decision in the Eighth Circuit Court of Appeals, and we know of no comparable decision. As a result, the *Davenport* is not controlling precedent in this Circuit.

More importantly, the *Davenport* opinion, by its own terms, does not apply to Mr. Cooper. The *Davenport* opinion makes clear that it is not enough that there has been a change of law after Mr. Cooper's initial section 2255 petition – "the change of law has to have been made retroactive by the Supreme Court. . ." 147 F.3d at 611. In this instance, the 2013 decisions in *Bailey* and *Alleyne* have not been made retroactively applicable by the United States Supreme Court[2]. Some Circuit Courts have weighed in on this issue, noting the non-retroactivity of *Bailey* and *Alleyne*. *See United States v. Winkelman*, 746 F.3d 134 (3rd Cir. 2014); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); and *Simpson v. United States*, 721 f.3d 875 (7th Cir. 2013). The decisions by Circuit Courts are of interest, but it is the United States Supreme Court which must deem the change in law retroactive. In this instance, this has not happened.

We are not without guidance from Eighth Circuit Court of Appeals. In *Rey v. United States*, 786 F.3d 1089 (8th Cir. 2015), the petitioner filed a section 2255 petition, admittedly his second such petition, claiming relief based upon the *Alleyne* decision. The district court dismissed the petition

---

[2]In *Davenport*, unlike here, two Supreme Court decisions, *Bailey v. United States*, 516 U.S. 137 (1995) (not to be confused with the 2013 *Bailey* decision cited by Cooper) and *Bousley v. United States*, 523 U.S. 614 (1998), applied retroactively so that Davenport had a viable claim that he was unable to present in his earlier direct appeal and earlier section 2255 petition.

as a second or successive petition, noting that the United States Supreme Court had not declared *Alleyne* to be retroactively applicable. *Rey v. United States*, 786 F.3d 1089 (8th Cir. 2015). The district court's dismissal was affirmed on appeal. Mr. Cooper's current argument for relief is strikingly similar to Mr. Rey's, except that Mr. Cooper styled his petition as one for relief under section 2241. The mere captioning of a pleading does not change its source of authority. Despite the captioning in this case, Mr. Cooper seeks section 2255 relief, and *Rey v. United States, supra*, directs the dismissal of the current petition as a second or successive section 2255 petition.

This challenge by Mr. Cooper is also comparable to his February 2005 petition, alleging that *United States v. Booker*, 543 U.S. 220 (2005), entitled him to a lesser sentence. The District Court dismissed this petition without prejudice to Mr. Cooper seeking permission from the Eighth Circuit to file a second or successive petition. Mr. Cooper sought this permission, and it was appropriately denied, since there was no showing by Mr. Cooper that the United States Supreme Court ruled *Booker* was to be retroactively applied. *See Never Misses a Shot v. United States*, 413 F.3d 781, 783-784 (8th Cir. 2005) (*Booker* does not apply to convictions which were final before new rule was announced).

In order to seek collateral review with this Court, Mr. Cooper must receive permission from the Eighth Circuit Court of Appeals to file a successive petition. The labeling of his petition as one for section 2241 relief does not alter the relief he seeks, which is a correction of his sentence. Mr. Cooper has not shown that a section 2255 petition is an inadequate or ineffective remedy, as described in *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000).

As a result, we recommend this petition be dismissed without prejudice to Mr. Cooper seeking permission from the Eighth Circuit Court of Appeals to proceed with a successive petition. The relief sought should be denied.

IT IS SO ORDERED this 24th day of August, 2015.

UNITED STATES MAGISTRATE JUDGE